**KAJARIA IRON CASTINGS PVT. LTD.,** Calcutta Ferrous Ltd., Crescent Foundry Co. Pvt. Ltd., Commex Corporation, Dinesh Brothers, Nandikeshwari Pvt. Ltd., Carnation Enterprises Pvt. Ltd., Kejriwal Iron & Steel Works, R.B. Agarwalla & Company, RSI Limited, Serampore Industries Pvt. Ltd., Tirupati International (P) Ltd., and UMA Iron & Steel Co., Plaintiffs,

v.

**UNITED STATES, Defendant,**

Alhambra Foundry, Inc., Allegheny Foundry Co., Deeter Foundry, Inc., East Jordan Iron Works, Inc., Lebaron Foundry Inc., Municipal Castings, Inc., Neenah Foundry Co., U.S. Foundry & Manufacturing Co., and Vulcan Foundry, Inc., Defendants–Intervenors.

**Slip Op. 97–83.**
**Court No. 95–09–01240.**

United States Court of International Trade.

June 26, 1997.

Cameron & Hornbostel, Washington, DC (Dennis James, Jr.), for plaintiffs.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Velta A. Melnbrencis at oral argument; Rhonda K. Schnare, on the brief), and Robert E. Nielsen, Senior Counsel, Washington, DC, Office of Chief Counsel for Import Administration, Department of Commerce, of counsel, for defendant.

Collier, Shannon, Rill & Scott, Washington, DC (Paul C. Rosenthal and Robin H. Gilbert), for defendants-intervenors.

## MEMORANDUM OPINION

DiCARLO, Senior Judge.

This case concerns the 1991 administrative review of a countervailing duty order regarding iron metal castings from India. It was remanded: 1) to reconsider whether countervailing a tax deduction taken for countervailed Cash Compensatory Scheme (CCS) rebate payments double-counts the rebate subsidy, and 2) to recalculate the benefit received through § 80HHC of the Indian tax code after subtracting International Price Reimbursement Scheme (IPRS) payments for nonsubject merchandise from each company's taxable income. *Kajaria Iron Castings v. United States*, 21 CIT ——, Slip Op. 97–10, 956 F.Supp. 1023 (1997). Commerce's response was discussed in detail in *Crescent Foundry Co. Pvt. Ltd. v. United States*, 21 CIT ——, Slip Op. 97–82 (1997). On remand, Commerce concluded that when a company receives a grant such as a CCS or IPRS payment, and then receives a tax exemption for that grant, it has received two separate benefits which may both be countervailed without double-counting. For the reasons discussed in *Crescent Foundry*, this finding is sustained, and the calculation of the § 80HHC subsidy contained in Commerce's original *Final Determination* is also sustained.

## CONCLUSION

The portion of *Kajaria Iron Castings* ordering recalculation of the benefit received through § 80HHC is vacated. As Commerce's original calculation of the § 80HHC subsidy is therefore sustained, it is not neces-

sary for the court to sustain either of the recalculation approaches presented in the *Final Results*. The remainder of the *Final Results* is sustained.

## JUDGMENT ORDER

Upon consideration of all papers and proceedings in this case submitted for decision, and after due deliberation, it is hereby

ORDERED that the explanation of Commerce's policy of calculating separate benefits when exporters receive a countervailable rebate and a tax exemption for that rebate contained in its *Final Results of Redetermination on Remand: Kajaria Iron Castings Pvt. Ltd. v. United States*, Slip Op. 97–10, 956 F.Supp. 1023 (1997) is sustained. It is further

ORDERED that the portion of *Kajaria Iron Castings v. United States*, 21 CIT ——, Slip Op. 97–10, 956 F.Supp. 1023 (1997) ordering recalculation of the benefit conferred by § 80HHC is vacated. It is further

ORDERED that the Department of Commerce's *Final Determination* in *Certain Iron Metal Castings from India*, 60 Fed. Reg. 44,843 (Dep't Comm.1995) (final admin. review) is sustained in its entirety.

SO ORDERED.